CALVIN E. DAVIS (SBN: 101640)
AARON P. RUDIN (SBN: 223004)
GORDON & REES LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
E-mail: cdavis@gordonrees.com;
arudin@gordonrees.com

Attorneys for Plaintiff
WETZEL'S PRETZELS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WETZEL'S PRETZELS, LLC, a California limited liability company,<br><br>           Plaintiff,<br><br>     vs.<br><br>TITO JOHNSON, an individual; and TARIQ JOHNSON, an individual,<br><br>           Defendants. | CASE NO. CV 11-04459 AHM (SPx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WETZEL'S PRETZELS, LLC'S MOTION TO COMPEL ARBITRATION AND TO DISMISS COUNTERCLAIMS**<br><br>Filed concurrently with the Notice of Motion; and [Proposed] Order.]<br><br>Date:  August 8, 2011<br>Time:  10:00 a.m.<br>Dept.:  14<br>Judge: Hon. A. Howard Matz |
| TITO JOHNSON, an individual; and TARIQ JOHNSON, an individual,<br><br>           Counterclaimants,<br><br>     vs.<br><br>WETZEL'S PRETZELS, LLC, a California limited liability company,<br><br>           Counter-Defendant. | |

///

///

-1-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 2

II. BACKGROUND ............................................................................................ 2

III. LEGAL ANALYSIS ...................................................................................... 4

    A. Federal Policy Strongly Favors Arbitration ...................................... 4

    B. The Franchise Agreement Contains A Valid Arbitration Provision That Encompasses The Issues Raised By The Counterclaim ....................................................................................... 6

    C. A Contract Must Be Enforced Unless It Is Procedurally And Substantively Unconscionable ........................................................... 6

        1. The Arbitration Provision Is Not Procedurally Unconscionable ............................................................................ 7

        2. Defendants Cannot Show A "High" Degree Of Substantive Unconscionability ................................................. 8

            a. The Arbitration Provision Does Not Expressly Exempt Wetzel's ................................................................. 9

            b. The Selection Of AAA Is Not Unconscionable ............... 9

            c. The Arbitrator's Lack Of Power To Stay A Termination Is Not Unconscionable ................................ 10

            d. The Arbitrator's Lack Of Power To Assess Punitive Damages Is Not Unconscionable ...................... 10

            e. The Arbitrator's Lack Of Power To Modify Or Amend A Lawful Provision Of The Franchise Agreement Is Not Unconscionable ................................. 11

            f. Defendants Cannot Establish That Arbitration Will Increase Their Costs And Expenses .......................... 11

            g. The Arbitration Agreement Is Not Unconscionable Because It Limits Any Relief Defendants Are Entitled To As A Matter Of Law ...................................... 12

            h. Any Unconscionable Provision Is Severable In Any Event ........................................................................ 12

    D. Defendants' Counterclaims Are Barred By The Arbitration Provision And Should Be Dismissed Pursuant To Rule 12(b)(6) ...... 13

IV. CONCLUSION ............................................................................................ 13

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**Cases**

*24 Hour Fitness, Inc. v. Superior Court*,
  66 Cal.App.4th 1199 (Cal. Ct. App. 1998) .................................................. 7

*A&M Produce Co. v. FMC Corp.*,
  135 Cal.App.3d 473 (Cal. Ct. App. 1982) ................................................... 7

*American Software, Inc. v. Ali*,
  46 Cal.App.4th 1386 (Cal. Ct. App. 1996) .................................................. 8

*Armendariz v. Foundation Health Psychcare Services, Inc.*,
  24 Cal.4th 83 (Cal. 2000) ............................................................. 7, 9, 11, 12

*Badgley v. Van Upp*,
  20 Cal. App. 4th 218 (Cal. Ct. App. 1993) ................................................ 10

*Bolter v. Superior Court*,
  87 Cal.App.4th 900 (Cal. Ct. App. 2001) .................................................. 12

*Bradley v. Harris Research*,
  275 F.3d 884 (9th Cir. 2001) ........................................................................ 8

*Circuit City Stores v. Adams*,
  279 F.3d 889, 893-95 (9th Cir. 2002) ....................................................... 10

*Cox v. Ocean View Hotel Corp.*,
  533 F.3d 1114 (9th Cir. 2008) ..................................................................... 5

*Dean Witter Reynolds, Inc. v. Bryd*,
  470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) .............................. 5

*Doctor's Assocs. v. Casarotto*,
  517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (2000) ............................ 5

*Flores v. Transamerica HomeFirst, Inc.*,
  93 Cal.App.4th 846 (Cal. Ct. App. 2001) ................................................... 7

*Gatton v. T-Mobile USA, Inc.*,
  152 Cal.App.4th 571 (Cal. Ct. App. 2007) ................................................. 8

*Graham v. Scissor-Tail, Inc.*,
  28 Cal.3d 807 (Cal. 1981) ........................................................................... 7

*Gueyffier v. Ann Summers, Ltd.*,
  43 Cal.4th 1179 (Cal. 2008) ...................................................................... 11

*IJL Dominicana v. It's Just Lunch International, LLC*,
  2009 WL 305187 (C.D. Cal. 2009) ........................................................... 12

*Indep. Ass'n of Mail Box Ctr. Owners v. Superior Court*,
  133 Cal.App.4th 396 (Cal. Ct. App. 2005) ................................................. 8

*Marin Storage & Trucking, Inc. v. Benco Contracting & Engineering, Inc.*,
  89 Cal.App.4th 1042, 1056 (Cal. Ct. App. 2001) .................................................. 8

*McManus v. CIBC World Market*,
  109 Cal.App.4th 76 (Cal. Ct. App. 2003) ........................................................... 12

*Mitsubishi Motors Corp. v. Soler Chysler-Plymouth, Inc.*,
  473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) .......................................... 5

*Morris v. Redwood Empire Bancorp*,
  128 Cal.App.4th 1305 (Cal. Ct. App. 2005) ......................................................... 7

*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*,
  460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ............................................... 4

*Rent-A-Center, West, Inc. v. Jackson*,
  130 S.Ct. 2772, 177 L.Ed.2d 403 (2010) .............................................................. 5

*Republic of Nicaragua v. Standard Fruit Co.*,
  937 F.2d 469 (9th Cir. 1991) ................................................................................. 5

*Rodriguez de Quijas v. Shearson/American Express, Inc.*,
  490 U.S. 477, 109 S. Ct. 1917, 104 L. Ed. 2d 526 (1989) ................................... 6

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ................................................................................. 5

*Sparling v. Hoffman Construction Co., Inc.*,
  864 F.2d 635, 638 (9th Cir. 1988) ....................................................................... 13

*Westlye v. Look Sports, Inc.*,
  17 Cal.App.4th 1715 (Cal. Ct. App. 1993) ........................................................... 6

*Wetzel's Pretzels, LLC v. Ken Cramer, et al.*,
  CV 10-100-VBF (MANx) (C.D. Cal., March 1, 2010) ........................................ 2

*Weyerhauser Co. v. Western Seas Shipping Co.*,
  743 F.2d 635 (9th Cir. 1984) ................................................................................. 5

*Woodside Homes of Cal., Inc. v. Superior Court*,
  107 Cal.App.4th 723 (Cal. Ct. App. 2003) ....................................................... 6, 8

**Statutes**

9 U.S.C. § 2 ................................................................................................................ 4

Federal Arbitration Act .................................................................................... 4, 5, 6

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 2, 13

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants and counterclaimants Tito Johnson and Tariq Johnson (collectively referred to herein as "Defendants") promised to arbitrate all disputes relating to the Franchise Agreement that they entered into with plaintiff and counterdefendant Wetzel's Pretzels, LLC ("Wetzel's"). However, Defendants have now renounced their promise and filed Counterclaims against Wetzel's for, among other things, declaratory relief, unfair business practices, breach of contract and tortious breach of the implied covenant of good faith and fair dealing.

Defendants seek to avoid their contractual obligation to arbitrate their claims against Wetzel's which arise under the Franchise Agreement, absent any legal or factual basis to do so.[1] Accordingly, Wetzel's respectfully requests an order compelling Defendants to arbitrate the claims and issues raised by their Counterclaims Second, Third, Fourth and Fifth claims for relief. In addition, Wetzel's seeks an order dismissing Defendants Second, Third, Fourth and Fifth claims for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the claims are barred by the arbitration clause set forth in the Franchise Agreement.

## II. BACKGROUND

In 2004, Wetzel's and Defendants entered into a franchise agreement with an initial ten year term and a starting date of December 31, 2004 ("Franchise Agreement.") *See* Complaint, ¶ 12, Ex. A.; *see also* Defendants' Counterclaims (Document No. 16), pg. 11, ¶ 4. Section 11.8 of the Franchise Agreement entered into between the parties contained the following arbitration clause:

> Any dispute arising out of or in connection with this
> Agreement, if not resolved by the negotiation and mediation

---

[1] Indeed, a similar arbitration provision was recently enforced by another court in this district in the case entitled *Wetzel's Pretzels, LLC v. Ken Cramer, et al.*, CV 10-100-VBF (MANx) (C.D. Cal., March 1, 2010).

-2-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

> procedures described above, must be determined in Los Angeles, California, by the AAA. This arbitration clause will not deprive either party of any right it may otherwise have to seek provisional injunctive relief from a court of competent jurisdiction. The arbitrator must be an attorney with substantial experience in franchise law. There will be no discovery except that required by applicable state law unless the parties mutually agree otherwise. If proper notice of any hearing has been given, the arbitrator will have full power to proceed to take evidence or to perform any other acts necessary to arbitrate the matter in the absence of any party who fails to appear. The arbitrator will have no power to 1) stay the effectiveness of any pending Termination of franchise; 2) assess punitive damages against either party; or 3) make any award that modifies or suspends any lawful provision of this Agreement. All expenses of arbitration, other than attorney fees, will be shared equally by the parties. Judgment on any award may be entered by any court of competent jurisdiction.

Complaint, Ex. A, ¶ 11.8.

On May 24, 2011, Wetzel's filed a Complaint in the United States District Court for the Central District of California seeking only injunctive relief. On June 17, 2011, Defendants filed an Answer and Counterclaims raising the following claims for relief: 1) injunctive relief; 2) declaratory relief; 3) unfair business practices; 4) breach of contract; and 5) tortuous breach of the implied covenant of good faith and fair dealing. See Document No. 16. All of Defendants' claims for relief arise out of, or are in connection with, the Franchise Agreement.

First, Defendants declaratory relief claims seeks a declaration from the Court as to Defendants "rights and duties as well as those of [Wetzel's'] under the Franchise Agreement." Document No. 16, pg. 18, ¶ 34. Second, Defendants unfair business practices claim is based upon allegations that the Franchise Agreement contains unlawful and/or unfair provisions. Document No. 16, pg. 21, ¶¶ 38-39. Finally, Defendants breach of contract and tortious breach of the implied covenant of good faith and fair dealing claims for relief both pertain to alleged

-3-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

breaches of obligations owed by Wetzel's under the Franchise Agreement. Document No. 16, pg. 22-225, ¶¶ 45-46, 50-53.

Defendants also allege that the arbitration clause is "unconscionable" because it allegedly: 1) exempts Wetzel's from arbitrating its claims against Defendants; 2) reserves the right for Wetzel's to designate the organization to which the arbitrator must belong; 3) provides that the arbitrator has no power to: A) stay the effectiveness of any pending Termination of Franchise; B) assess punitive damages; or C) make any award the modifies or suspends any lawful provision of the Franchise Agreement; 4) requires Defendants to bear "increased costs and expenses" they would not bear if they were free to bring the action before the courts in California; and 5) limits the relief Counterclaimants are afforded by law. *See* Document No. 16, pg. 19-20, ¶ 35(d).

## III. LEGAL ANALYSIS

### A. Federal Policy Strongly Favors Arbitration

Section 4 of the Federal Arbitration Act ("FAA") reads, in part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

The FAA establishes the federal substantive law of arbitrability. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Unless revocable, arbitration agreements "shall be valid, irrevocable, and enforceable ...." 9 U.S.C. § 2. In deciding whether to compel arbitration and stay proceedings under the FAA, a district court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2)

-4-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal quotation marks omitted); *see also Mitsubishi Motors Corp. v. Soler Chysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (the "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute"); *Weyerhauser Co. v. Western Seas Shipping Co.*, 743 F.2d 635, 637 (9th Cir. 1984) (stating the district court can "only determine whether a written arbitration agreement exists and, if it does, enforce it in accordance with its terms").

In other words, the court must order arbitration once it determines that a valid agreement to arbitrate exists. *Dean Witter Reynolds, Inc. v. Bryd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Questions concerning arbitrability must be made with a "healthy regard for the federal policy favoring arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (the "standard for demonstrating arbitrability is not high").

The FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2776, 177 L.Ed.2d 403 (2010) (internal citations omitted.) Although a party cannot be required to arbitrate absent agreement, the parties' intentions to arbitrate are generously construed. *Mitsubishi Motors Corp.*, 473 U.S. at 626. "[T]he most minimal indication of the parties' intent to arbitrate must be given full effect." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991).

The court examines applicable state law contract defenses – such as unconscionability – when determining whether a valid agreement to arbitrate exists. *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 686-87, 116 S.Ct. 1652, 134 L.Ed.2d 902 (2000). Defendants have the burden of proving unconscionability. *See Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484,

109 S. Ct. 1917, 104 L. Ed. 2d 526 (1989) (a party seeking to avoid arbitration has the burden of showing that an arbitration clause is unenforceable); *see also Westlye v. Look Sports, Inc.*, 17 Cal.App.4th 1715, 1738-39 (Cal. Ct. App. 1993); *Woodside Homes of Cal., Inc. v. Superior Court*, 107 Cal.App.4th 723, 727-28 (Cal. Ct. App. 2003).

### B. The Franchise Agreement Contains A Valid Arbitration Provision That Encompasses The Issues Raised By The Counterclaim

Defendants do not dispute that in 2004, they entered into a Franchise Agreement with Wetzel's that contained an arbitration clause. *See* Document No. 16, pg. 11, ¶ 4. In particular, Section 11.8 of the Franchise Agreement contains a valid arbitration provision which provides in pertinent part that "[a]ny dispute arising out of or in connection with this Agreement, if not resolved by the negotiation and mediation procedures described above, must be determined in Los Angeles, California, by the AAA." *See* Complaint, Ex. A, ¶ 11.8.

It is also beyond dispute that Defendants Second, Third, Fourth and Fifth claims for relief each arise out of, or in connection with, the Franchise Agreement. Any contention by Defendants otherwise is belied by the express allegations of their Counterclaims as discussed above. As a result, Wetzel's respectfully requests that Defendants Second, Third, Fourth and Fifth claims for relief be ordered to arbitration pursuant to the FAA.

### C. A Contract Must Be Enforced Unless It Is Procedurally And Substantively Unconscionable

Based on the allegations of the Counterclaim, Wetzel's anticipates that Defendants will argue that the arbitration provision is "unconscionable." As discussed below, there is no merit to Defendants' contentions, as they lack factual and legal support.

An unconscionable contract has terms that "are so one-sided as to 'shock the conscience,' or that impose harsh or oppressive terms." *24 Hour Fitness, Inc. v.*

-6-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

*Superior Court*, 66 Cal.App.4th 1199, 1212-13 (Cal. Ct. App. 1998). A court may refuse to enforce a contract under California law only if it is both procedurally and substantively unconscionable. *Armendariz v. Foundation Health Psychcare Services, Inc.* 24 Cal.4th 83, 114 (Cal. 2000). Although both elements must be present, they need not be present in the same degree. *Id.* A "sliding scale" is used and "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.*

> ### 1. *The Arbitration Provision Is Not Procedurally Unconscionable*

Defendants argue that the Franchise Agreement is unconscionable because it was allegedly "adhesive" and extended on a "take it or leave it" basis. An adhesion contract is a "standardized contract, imposed upon the subscribing party without opportunity to negotiate the terms." *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal.App.4th 846, 853 (Cal. Ct. App. 2001). An adhesion contract is not per se unconscionable. *Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 817 (Cal. 1981). Indeed, pre-printed contracts have become an "inevitable fact of life for all citizens – businessman and consumer alike." *Id.* In the commercial context, the word "adhesion" does not equate to "oppressive" but, instead, refers instead to the absence of reasonable market alternatives. *Morris v. Redwood Empire Bancorp*, 128 Cal.App.4th 1305, 1319-20 (Cal. Ct. App. 2005).

Where commercial contracts are concerned, courts are much less likely to find them to be unconscionable. *See A&M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473, 489 (Cal. Ct. App. 1982) (observing that businessmen possess a "greater degree of commercial understanding and substantially more economic muscle than the ordinary consumer and, consequently, courts have "not been solicitous of businessmen in the name of unconscionability."). Although a franchise agreement could have "some characteristics of" an adhesion contract, it is not always adhesive. *See Indep. Ass'n of Mail Box Ctr. Owners v. Superior Court*, 133

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

Cal.App.4th 396, 407 (Cal. Ct. App. 2005); *Bradley v. Harris Research*, 275 F.3d 884, 892 (9th Cir. 2001) ("the general nature of the franchisor-franchisee" relationship is itself insufficient to show unequal bargaining power.)

Here, Defendants cannot meet their burden of establishing that the franchise agreement is adhesive. Furthermore, even if Defendants could meet this burden, any procedural unconscionability could be nothing more than "minimal" because Defendants are sophisticated businesspersons who could have easily rejected the contract and pursued alternative franchising opportunities. *See Marin Storage & Trucking, Inc. v. Benco Contracting & Engineering, Inc.* 89 Cal.App.4th 1042, 1056 (Cal. Ct. App. 2001) (construction subcontract's procedural unconscionability was "limited" because the general contractor was sophisticated and had other choices); *Woodside Homes of Cal., Inc. v. Superior Court*, 107 Cal.App.4th 723, 730 (Cal. Ct. App. 2003) (adhesion contract caused "low level" of procedural unconscionability where homebuyers were sophisticated or lacking choices). Defendants were not "boxed in" to accepting the Franchise Agreement, and cannot establish that the Franchise Agreement is procedurally unconscionable.

### 2. Defendants Cannot Show A "High" Degree Of Substantive Unconscionability

"With a concept as nebulous as 'unconscionability' it is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable." *American Software, Inc. v. Ali*, 46 Cal.App.4th 1386, 1391 (Cal. Ct. App. 1996). Defendants must prove a "high degree" of substantive unconscionability to avoid arbitration because the Franchise Agreement was, at most, minimally procedurally unconscionable. *See Gatton v. T-Mobile USA, Inc.* 152 Cal.App.4th 571, 585 (Cal. Ct. App. 2007). Defendants have not carried this heavy burden.

///

An arbitration provision is substantively unconscionable if it is "overly harsh" or generates "one-sided" results. *Armendariz*, 24 Cal.4th, *supra* at 114. Defendants argue that several terms of the Arbitration provision are substantively unconscionable because they purportedly lack mutuality. Each will be separately addressed below.

### a. The Arbitration Provision Does Not Expressly Exempt Wetzel's

Defendants first make the baseless conclusory assertion that the arbitration provision lacks mutuality because it requires that Defendants arbitrate all of their claims against Wetzel's, while "expressly exempting" Wetzel's from arbitrating all of its claims against Defendants, and because it reserves the right for Wetzel's to designate the organization the arbitrator must belong to (i.e., the American Arbitration Association). *See* Document No. 16, pg. 19, lines 21-25.

Defendants' contention directly contradicts the language of the arbitration provision and does not appear to have been asserted by Defendants in good faith. As discussed above, the arbitration provision applies to "[a]ny dispute arising out of or in connection with this Agreement", and does not expressly, or impliedly, exempt Wetzel's claims in whole or in part. In fact, Wetzel's filed its petition for arbitration last year, and only filed a lawsuit to obtain injunctive relief against Defendants which both parties are expressly permitted to do under the terms of the arbitration provision. *See* Complaint, Ex. A, ¶ 11.8 ("This arbitration clause will not deprive either party of any right it may otherwise have to seek provisional injunctive relief from a court of competent jurisdiction.) Defendants on the other hand of consistently attempt to exempt all of their claims against Wetzel's by first filing a state court action and now filing improper counterclaims.

### b. The Selection Of AAA Is Not Unconscionable

Defendants allegation that selecting the American Arbitration Association ("AAA") as the organization to handle the arbitration is unconscionable is equally

-9-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

baseless. Wetzel's is unaware of any authority that suggests that designating AAA as the organization to handle the arbitration is unconscionable, nor would there seem to be any rationale explanation that supports such a contention. Accordingly, Defendants cannot meet their burden of establishing that the arbitration provision lacks mutuality as a result of its selection of AAA.

### c. The Arbitrator's Lack Of Power To Stay A Termination Is Not Unconscionable

Defendants also allege that the Arbitration provision is unconscionable because it precludes the arbitrator from enjoining a "pending Termination of Franchise." However, an arbitrator has no power to issue such injunctive relief in any event. *See Badgley v. Van Upp*, 20 Cal. App. 4th 218, 221-222 (Cal. Ct. App. 1993) (stating that provisional relief is generally beyond the power of an arbitrator to award). Furthermore, the Arbitration provision provides that both parties have the right to seek injunctive relief through the courts (which both parties have in fact done.) As a result, Defendants claim that the Arbitration provision lacks mutuality because it requires that both parties seek injunctive relief from the courts, as opposed to an arbitrator that cannot even provide such relief, is also without merit.

### d. The Arbitrator's Lack Of Power To Assess Punitive Damages Is Not Unconscionable

Unless an adhesion contract requires waiver of punitive damages authorized by statute, California law does not preclude contracting parties from waiving punitive damages. *See Circuit City Stores v. Adams*, 279 F.3d 889, 893-95 (9th Cir. 2002). Defendants do not even allege they are seeking punitive damages, let alone that they are entitled to them pursuant to any applicable statute. counter claim are not seeking punitive damages, and do not even claim they are entitled to them. As a result, the punitive damages waiver in the Arbitration provision is not substantively unconscionable.

-10-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

  e. <u>The Arbitrator's Lack Of Power To Modify Or Amend A Lawful Provision Of The Franchise Agreement Is Not Unconscionable</u>

There is also nothing unconscionable about preventing the arbitrator from modifying or amending any lawful provision of the Franchise Agreement. In fact, the California Supreme Court recently addressed the applicability of a similar provision in an arbitration agreement. In *Gueyffier v. Ann Summers, Ltd.*, 43 Cal.4th 1179 (Cal. 2008), the arbitration agreement stated that the arbitrator could not modify or change any of the agreement's material provisions. *Id.* at 1181. The California Supreme Court found that this limitation of the arbitrator's powers was valid, but held that it did not bar the arbitrator from "excusing performance" of a contractual condition where the arbitrator determined the performance would have been idle. *Id.* at 1185. As a result, there is no support for Defendants' contention that it is somehow unconscionable to limit the arbitrator's power to modify or amend lawful provisions of the Franchise Agreement.

  f. <u>Defendants Cannot Establish That Arbitration Will Increase Their Costs And Expenses</u>

Defendants also make the conclusory allegation that the arbitration agreement will require them to bear "increased costs and expenses" they would not have to bear if they are allowed to bring an action before the courts. Wetzel's is unaware of any factual or legal support for Defendants' contention. To the contrary, the California Supreme Court has stated, "it is true that the costs of arbitration are on average smaller than those of litigation. . . ." *Armendariz. v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 111 (Cal. 2000). Accordingly, Defendants also cannot meet their burden of establishing that the arbitration agreement is unconscionable because it will increase their costs and expenses to a greater extent than proceeding with this litigation.

///

-11-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

     g.  <u>The Arbitration Agreement Is Not Unconscionable Because It Limits Any Relief Defendants Are Entitled To As A Matter Of Law</u>

Defendants do not provide any factual allegation that would support their claim that the arbitration provision is unconscionable because it limits any relief they are entitled to as a matter of law. As such, it appears Defendants conclusory allegation that the arbitration provision is unconscionable on this ground is also baseless.

     h.  <u>Any Unconscionable Provision Is Severable In Any Event</u>

Substantively unconscionable terms may be severed from the Arbitration Provision unless it is "permeated" by unconscionability. *Armendariz, supra* Cal.4th at 122; *Bolter v. Superior Court*, 87 Cal.App.4th 900, 910-11 (Cal. Ct. App. 2001) (severing terms from a franchise agreement's arbitration provision). If the unconscionable provisions are "collateral to" the "central purpose" of the contract, the arbitration clause is not "permeated" by unconscionability and the provisions should be severed. *McManus v. CIBC World Market*, 109 Cal.App.4th 76, 101-02 (Cal. Ct. App. 2003).

The Arbitration Provision is plainly not "permeated" with unconscionability for the reasons set forth above. Furthermore, the Franchise Agreement allows for severance of any unenforceable terms. Complaint, Ex. A, at pg. 26, ¶ 11.12. To the extent that this court ultimately concludes a substantively unconscionable term exists, that term is nevertheless severable so as to enforce the Arbitration Provision. *See IJL Dominicana v. It's Just Lunch International, LLC*, 2009 WL 305187 (C.D. Cal. 2009) (enforcing a franchise agreement's arbitration provisions after severing two substantively unconscionable terms).

The allegedly unconscionable provisions are at best "collateral" to the contract's "central purpose" and are, therefore, easily severed.

-12-
MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### D. Defendants' Counterclaims Are Barred By The Arbitration Provision And Should Be Dismissed Pursuant To Rule 12(b)(6)

In the Ninth Circuit, when an arbitration provision bars a party's claims and requires that they be submitted to arbitration, the district court has discretion to dismiss that party's claims. *See Sparling v. Hoffman Construction Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (affirming district court's dismissal of claims that parties had agreed to submit to arbitration). Accordingly, pursuant to Rule 12(b)(6), Defendants Second, Third, Fourth and Fifth claims for relief should be dismissed because they are barred by the arbitration provision.

## IV. CONCLUSION

For the foregoing reasons, Wetzel's respectfully request that Second, Third, Fourth and Fifth claims for relief in Defendants' Counterclaims be ordered to arbitration, and that the claims be dismissed pursuant to Rule 12(b)(6).

Dated: July 11, 2011                                    GORDON & REES LLP

By: /s Aaron P. Rudin
Calvin E. Davis
Aaron P. Rudin
Attorneys for Plaintiff
WETZEL'S PRETZELS, LLC

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION